UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MAURICE HEMPHILL,

    Petitioner,

Case No. 2:19-cv-10973

HONORABLE STEPHEN J. MURPHY, III

v.

RANDY REWERTS,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Michigan prisoner Brandon Maurice Hemphill ("Hemphill") filed a pro se petition for a writ of habeas corpus. ECF 1. He challenges his state convictions for first-degree murder, two counts of assault with intent to commit murder, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in the Wayne County Circuit Court. In 2014, Hemphill was sentenced to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of 23 years nine months to 50 years' imprisonment on the assault convictions, and a consecutive term of two years' imprisonment on the felony firearm conviction. In his pleadings, he raises claims about the non-disclosure of evidence, the effectiveness of trial and appellate counsel, and the conduct of the prosecutor.

On April 10, 2019, the Court ordered Hemphill to show cause why his habeas petition should not be dismissed for failure to comply with the one-year statute of

1

limitations applicable to federal habeas actions. *See* ECF 3; *see also* 28 U.S.C. § 2244(d). Hemphill filed a timely reply to the show cause order. Having further reviewed the matter, the Court concludes that the habeas petition is untimely and will dismiss the petition. The Court will also deny Hemphill a certificate of appealability and leave to proceed in forma pauperis on appeal.

## BACKGROUND

Hemphill's convictions arise from a shooting that occurred in Inkster, Michigan on May 5, 2013. Following his convictions and sentencing, Hemphill filed an appeal of right with the Michigan Court of Appeals, which affirmed his convictions. *People v. Hemphill*, No. 321485, 2015 WL 5707130 (Mich. Ct. App. Sept. 29, 2015). Hemphill then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Hemphill*, 499 Mich. 871 (2016). On March 9, 2017, Hemphill filed a motion for relief from judgment with the state trial court. *See* Register of Actions, *People v. Hemphill*, No. 13-008288-01-FC (Wayne Cty. Cir. Ct.), https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2329922 (last accessed May 2, 2019). On June 30, 2017, the motion was denied. *Id.*; *see also* ECF 1, PgID 26–31.

Hemphill then filed an application for leave to appeal the state circuit court's decision on the motion for relief from judgment with the Michigan Court of Appeals, which was denied on June 4, 2018. ECF 1, PgID 34. Hemphill also filed an application for leave to appeal with the Michigan Supreme Court, which was denied on October 30, 2018. *People v. Hemphill*, 503 Mich. 889 (2018).

Hemphill dated his proof of service for his federal habeas petition March 27, 2019. ECF 1, PgID 43. As noted, the Court issued the show cause order on April 10, 2019. ECF 3. Hemphill filed his response on April 30, 2019. ECF 4. He asserts that, after consulting with a prison law librarian, he believed he had until May 26, 2019 to file his habeas petition. *Id.*

## DISCUSSION

I. <u>Timeliness</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and shall begin "from the latest" of (1) the entry of or expiration of time to seek direct review; (2) the removal date of an unconstitutional state impediment to filing for federal habeas relief; (3) the date the Supreme Court recognizes a new constitutional right made retroactive and applicable to collateral review; or (4) the date the prisoner discovered new facts that could not have been discovered previously. 28 U.S.C. § 2241(d)(1). A properly-filed application for State post-conviction or collateral review tolls the statute of limitations. 28 U.S.C. § 2241(d)(2). But AEDPA's limitations period does not restart after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

A habeas petition filed outside the prescribed limitations period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000) (dismissing case

---

[1] AEDPA took effect prior to Hemphill's convictions and thus applies to federal habeas review of his convictions.

3

filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002). District courts may sua sponte consider "the timeliness of a state prisoner's federal habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Here, the Michigan Supreme Court denied Hemphill leave to file a direct appeal on March 8, 2016. Hemphill's convictions became final 90 days later—on or about June 27, 2016. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007).[2] Accordingly, Hemphill was required to file his federal habeas petition by June 27, 2017, excluding any time during which a properly filed application for state post-conviction or collateral review was pending.

Hemphill filed his motion for relief from judgment with the state trial court on March 9, 2017. When he filed his motion, 255 days of the one-year period had expired. His motion and related appeals remained pending in the state courts, thereby tolling the one-year period until October 30, 2018, when the Michigan Supreme Court denied him leave to appeal on collateral review. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002). Hemphill then had 110 days, until February 19, 2019, to file his federal habeas petition.[3] Hemphill dated his proof of service for his federal

---

[2] The 90-day deadline to file a certiorari petition fell on Sunday, June 26, 2016. Thus, Hemphill had until the next day, June 27, 2016, to file a certiorari petition. *See* Fed. R. Civ. P. 6(a)(1).

[3] The 110-day period concluded on Sunday, February 17, 2019. Monday, February 18, 2019, was President's Day, a federal holiday. Therefore, Hemphill had until the next day, Tuesday, February 19, 2019, to file his habeas petition. *See* Fed. R. Civ. P. 6(a)(1).

4

habeas petition on March 27, 2019—36 days after the one-year period expired. *See* ECF 1, PgID 42 (listing proof of service date).

Hemphill neither alleges nor establishes that the State created an impediment to the filing of his federal habeas petition or that his claims are based on newly-discovered evidence or newly-created, retroactively-applicable rights which would warrant habeas relief. *See* 28 U.S.C. § 2244(d)(1)(B)–(D) (listing dates from which the statute of limitations runs). Hemphill's habeas petition is therefore untimely under AEDPA. *See* 28 U.S.C. § 2244(d).

AEDPA's statute of limitations is not a jurisdictional bar, however, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A habeas petitioner bears the burden of demonstrating entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Equitable tolling typically applies "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Hemphill fails to show that extraordinary circumstances entitle him to equitable tolling. Hemphill's lack of legal training or legal assistance, his lack of awareness of the statute of limitations, or his mistaken belief about its application do not warrant equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status or lack of legal knowledge are not extraordinary circumstances); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (attorney neglect or error does not generally give rise to equitable tolling); *Jurado*, 337 F.3d at 644 ("[A] lawyer's mistake is not a valid basis for equitable tolling.") (citation omitted). Hemphill's contention that his habeas claims have merit does not justify tolling the limitations period either. *Holloway*, 166 F. Supp. 2d at 1191. Hemphill fails to establish that he is entitled to equitable tolling under *Holland*.

Nor does Hemphill make a credible claim of actual innocence sufficient to warrant equitable tolling. A credible claim of actual innocence may equitably toll AEDPA's one-year statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 399–400 (2013); *Souter v. Jones*, 395 F. 3d 577, 588–90 (6th Cir. 2005). To support a claim of actual innocence, a federal habeas petitioner "must demonstrate that, in light of all the evidence it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537–39 (2006).

6

A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. A self-serving, conclusory assertion of innocence is insufficient to support an actual innocence claim. *See, e.g., McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) ("A reasonable juror surely could discount [a petitioner's] own testimony in support of his own case.") (collecting cases). Hemphill does not make a sufficient showing of actual innocence. He is therefore not entitled to equitable tolling of AEDPA's one-year statute of limitations. His habeas petition must be dismissed.

**CONCLUSION**

The Court concludes that Hemphill did not file his habeas petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d), that he fails to demonstrate entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his habeas claims. The Court will therefore dismiss his habeas petition with prejudice.

Before Hemphill may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability

should issue if it is shown that reasonable jurists could conclude that the district court's procedural ruling "was debatable or incorrect." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, the Court will deny a certificate of appealability. The Court will also deny leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed on appeal in forma pauperis is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 6, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 6, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

8